[No. 2,960.]

## JAMES S. DYER *v.* JOHN G. NORTH.

WAIVER OF SUMMONS—APPEARANCE.—A notice, signed by attorneys, and filed with the Clerk after a complaint has been filed, stating that " we have been retained by, and hereby appear for, the above named defendant, in the above entitled action," is a sufficient appearance of the defendant, and is a waiver of summons; and judgment by default may be entered, if pleadings are not filed in the proper time.

PLEADING IN STREET ASSESSMENT CASE.—In an action to recover a street assessment in San Francisco, an averment that a resolution to do the work was passed by the Board of Supervisors, and that the resolution was signed by the Clerk, and published ten days (Sundays excepted) in the official newspaper, is sufficient to support a judgment by default, or to authorize proof that the Board directed the resolution to be published.

PUBLICATION OF NOTICE TO IMPROVE STREET.—The question reserved, whether the Board of Supervisors of San Francisco should order the publication of a resolution of intention to improve a street, or whether it may be published without such order.

PLAINTIFF, IN ACTION TO RECOVER STREET ASSESSMENT.—An action to recover an assessment for improving a street in San Francisco should be brought in the name of the contractor, and not in the name of the city.

JURISDICTION TO ORDER STREET IMPROVEMENT IN SAN FRANCISCO.—The Board of Supervisors of the City and County of San Francisco has jurisdiction to order a street to be graded in any part of the city, without a petition first presented for that purpose, except when it is proposed to partially improve or grade a street west of Larkin street, without reference to its official width or grade.

APPEAL from the District Court of the Twelfth Judicial District, City and County of San Francisco.

The complaint was filed October 27th, 1870. On the same day the defendant's attorneys served on the plaintiff's

attorneys the notice of appearance mentioned in the opinion. On the 30th day of December, 1870, the plaintiff's attorneys filed the notice of appearance and had the default of the defendant entered. On the 13th of February, 1871, the Court made an order setting aside the default and allowing the defendant to answer on condition that he pay the plaintiff one hundred dollars. The defendant having failed to comply with the condition on the 11th day of March, 1871, the plaintiff took judgment by default.

The other facts are stated in the opinion.

*S. F. & L. Reynolds,* for Appellant.

It does not appear that the Board ordered the publication of the notice. To authorize the sale of the property of the citizen, without his consent, the statute must be strictly pursued in every particular, otherwise the proceedings and sale are void. (*Meuser* v. *Risdon,* 36 Cal. 244, 245; *Hendricks* v. *Crowley,* 31 Cal. 474.)

No summons was issued, or service of any process ever made upon the defendant in this cause. The default, therefore, entered against the defendant was void, and no judgment could be entered against him upon such default. The appearance of an attorney would not authorize default and judgment, at least without the issuing of a summons in the cause. An attorney can only appear for the defendant in a suit pending. No suit can be pending without the issuing of summons or process. (Pr. Act, Sec. 22; *Weaver* v. *Conger,* 10 Cal. 238; *Green* v. *Jackson Co.,* 10 Cal. 374.)

The improvements to be made were west of Larkin street. There was no petition for that purpose from a majority of the owners of the property of the blocks where such improvements were ordered to be made. No improvement of streets in that part of the city could be made without such petition. (Laws of 1863, p. 532, Sec. 10.) It nowhere appears that the Board of Supervisors ever have laid out or

opened any streets west of Larkin street, in said city. (Laws of 1862, p. 391, Sec. 2.)

*Joseph M. Wood*, for Respondent.

The Act does not require the order of publication to be made by the Board. If it were otherwise, however, this Court "will not reverse a judgment for defects in a complaint which fall short of an entire absence of material and indispensable matter." (*Hallock* v. *Jaudin*, 34 Cal. 174.) The judgment cures defective allegations of fact. (*Hentsch* v. *Porter*, 10 Cal. 555; *People* v. *Rains*, 23 Cal. 127; *Barron* v. *Frink*, 30 Cal. 489.) No summons was required to be issued, because on the very day of filing the complaint the defendant appeared. (Pr. Act, Secs. 35, 523.)

Defendant was not entitled to notice of application for a judgment on his default, though, as a matter of fact, he had notice. (Pr. Act, Secs. 515, 519.)

The Board of Supervisors had jurisdiction to order a public street in the City and County of San Francisco graded, without any petition of the property owners. (*Doble* v. *Wood*, Jan. Term, 1871.)

By the Court, BELCHER, J.:

This is an action to recover a street assessment in the City of San Francisco.

The plaintiff took judgment by default and the defendant has appealed.

The first point made is that the Court never acquired jurisdiction of the person of the defendant, because no summons was issued upon the complaint. On the same day that the complaint was filed, the attorneys, who appear for the appellant in this Court, filed in the action a notice that "we have been retained by, and hereby appear for, the above named defendant in the above entitled action."

This was a sufficient appearance, and was a waiver of summons. (Practice Act, Sec. 22.)

It is next objected that the complaint does not state facts sufficient to constitute a cause of action, nor to sustain a decree based thereon, because it does not appear from the complaint that the publication of the first resolution or notice of the intention of the Board to order the improvements to be made was by the authority of the Board.

The statute (Acts 1863, p. 525,) authorizes the Board of Supervisors to order work to be done "after notice of their intention so to do, in the form of a resolution describing the work, and signed by the Clerk of said Board, has been published for a period of ten days."

The complaint alleges that a resolution to do the work, in all respects in the form prescribed by statute, was passed by the Board on the 25th day of October, 1869, and that the "said resolution was duly signed by the Clerk of said Board, and was afterwards published" in the official newspaper of the city "for ten days, commencing on the 27th day of October, 1869, and continuing thence for ten consecutive days (Sundays excepted)."

As a question of pleading we think this sufficient. The averment is as broad and full as the language of the statute under which the proceeding was taken.

Whether, as a matter of fact, the publication should be ordered by the Board, is a question upon which the Judges of this Court were not agreed in *Chambers* v. *Satterlee*, 40 Cal. 497, and upon which we are not now called upon to express an opinion.

The next point is, that the action should have been brought in the name of the City and County of San Francisco, under the provisions of the Act of April 4th, 1870. This point was presented and very fully argued in *Dyer* v. *Pixley*, ante, p. 153. After great consideration we came to a conclusion

adverse to the views now urged by the appellant, and we still adhere to the decision then made.

The last point which we deem it necessary to notice is, that the Board of Supervisors had no jurisdiction, under the statute, to order the proposed improvement to be made, it being upon a street west of Larkin street, except upon receiving a petition for that purpose from a majority of the owners of the property in the adjacent blocks.

In *Doble* v. *Wood*, decided from the Bench at the January Term, 1871, this Court held that the Board of Supervisors had jurisdiction to order a street to be graded in any part of the city, without a petition first presented for that purpose, except when it was proposed to partially grade or improve a street west of Larkin street without reference to its official width or grade.

The limitation named was considered to be the only limitation upon the power of the Board imposed by the tenth section of the Act of 1863.

The other points do not require special notice.

Judgment affirmed.