[No. 3,653.]

## A. HIMMELMANN *v.* G. W. HASKELL.

COMPLAINT IN ACTION TO RECOVER STREET ASSESSMENT. — In a complaint to recover an assessment for improving a street in San Francisco, it is sufficient to aver that notice of the award of the contract to the contractor, and the particulars thereof, was published for five days, without alleging that the Board of Supervisors passed a resolution directing notice of the award, etc., to be published.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

Action to recover an assessment for improving a street in San Francisco. The defendant demurred to the complaint. The Court below sustained the demurrer, and the plaintiff, declining to amend, final judgment was rendered for the defendant. The plaintiff appealed.

The other facts are stated in the opinion.

*J. C. Bates,* for Appellant.

The allegation is as full as is required in *Dyer* v. *North,* 44 Cal. 157.

*M. G. Cobb*, for Respondent.

The averment is, "That afterwards, to wit: on the 12th day of July, 1865, due notice of said award to said John Henry, and the particulars thereof, was published," etc.

The averment should be, "That afterwards, to wit: on the 12th day of July, 1865, the said Board duly passed a resolution directing a notice of the resolution of award, and the particulars thereof, to be published, etc.; and a notice of said resolution, and the particulars thereof, was published," etc. (*Shepard* v. *Colton*, 44 Cal. 628.)

By the COURT:

The allegation in the complaint, to which objection is taken under the general demurrer, is as follows: "That afterwards, to wit: on the 12th day of July, 1865, due notice of said award to said John Henry, and of the particulars thereof, was published, and thereafter continued in the aforesaid newspaper for five successive days thereafter (Sundays excepted)." Upon the authority of *Dyer* v. *North*, 44 Cal. 157, we hold this allegation to be sufficient. The question as to the evidence which will be required to sustain the allegation—whether it must be shown that the Board ordered the award to be published—is not involved in this point.

Judgment reversed and order remanded, with directions to overrule the demurrer to the complaint.